Hand-Delivered

FILED
CHARLOTTE, NC

MAR 13 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**BENBOAZ JORDAN,**

Plaintiff,

v.

**CITY OF CHARLOTTE,**
**NORTH CAROLINA;**
**OFFICER K DALY,**
**S T MCMICHAEL**
**ATRIUM HEALTH DBA**
**CAROLINAS MEDICAL CENTER;**
**ANGELA ROMBOLA MD;**
**JESSICA LYNN MD;**
**CHRISTOPHER ALLEN GARDNER, MD**

Defendants
_____/

**COMPLAINT FOR DAMAGES**

3:23-CV-152

COMES NOW Plaintiff Benboaz Jordan, (hereinafter "Plaintiff"), and hereby files this complaint pro se for damages against City of Charlotte, North Carolina; Officer K Daly, S T McMichael, Atrium Health DBA Carolinas Medical Center; Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD.

## INTRODUCTION

On March 13, 2020, Benboaz Jordan (hereafter Jordan) was arrested at Midnight Diner in Charlotte, North Carolina. Mr. Jordan was arrested for trespassing. Officer McMichael arrested the Defendant and Officer Daly was assisting McMichael. Daly transported Defendant to the hospital. While at the

1

hospital Officer Daly used the hospital staff Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD to force unnecessary medical treatment on the Defendant over the Defendant's repeated refusal of any medical treatment. Defendant is Jewish and his medical beliefs caused him to refuse any such medical treatment. Defendant verbally refused treatment and the hospital staff and Charlotte Mecklenburg Police officer Daly forcefully restrained the Defendant, assaulted him and gave him an injection of allegedly three unknown drugs. After Defendant received the injection, he passed out and upon information and belief the Defendant was out for six hours. Defendant was assaulted multiple times with police sticks and physically restrained multiple times by the Defendants in this matter. Plaintiff repeatedly stated and reasserted his opposition to being physical assaulted. The employees at Atrium Health, Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD acted in concert with Officer Daly and Officer McMichael and the City of Charlotte to injure the Plaintiff in this matter.

Benboaz Jordan is a 41-year-old man, employed with Comfort Agents Heating and Air, the assault was performed by Officer Daly, a police officer for the City of Mecklenburg, North Carolina. At the time Mr. Jordan was assaulted, he was unarmed and posed no threat to Officer Daly or others.

2

Plaintiff brings federal constitutional claims against Officer Daly, Officer McMichael, Angela Rombola MD; Jessica Lynn MD; and Christopher Allen Gardner, MD all in their individual capacity, for committing these acts under color of law that deprived Mr. Jordan of his rights under the Constitution and the laws of the State of North Carolina by using unlawful force and restraint against Mr. Jordan. Mr. Jordan has a constitutional right to refuse medical care.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

This Court has personal jurisdiction over all Defendants as it relates to Plaintiff's state law claims. Further, Defendant City of Mecklenburg, North Carolina waives its sovereign immunity defense by the purchase of liability insurance under N.C. Gen. Stat. § 160A-485.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

PARTIES

5.

At all times relevant hereto, Defendants Officer McMichael and Officer Daly was a citizen of the United States and a resident of the State of North Carolina and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Charlotte, North Carolina. Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD are all agents and employees of Atrium Health dba Carolinas Medical Center.

6.

At all times material hereto, City of Mecklenburg, North Carolina, a municipality, duly organized under the laws of the State of North Carolina.

7.

At all times relevant, Defendant Daly, were acting under color of state law and the scope of his employment as a law enforcement officer employed by City of Mecklenburg, North Carolina. At all times relevant Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD were acting under the employment of Atrium Health dba Carolina's Medical Center.

4

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment
(Against Defendant)

8.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

9.

Defendant Daly is a person for purposes of 42 U.S.C. § 1983.

10.

Defendant Daly, at all times relevant hereto, was acting under the color of state law in his capacity as a police officer for the City of Mecklenburg, North Carolina, and his acts or omissions were conducted within the scope of his official duties or employment.

11.

At the time of the complained of events, Mr. Jordan had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

12.

Mr. Jordan also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

13.

Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

14.

All individual Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Jordan.

15.

Defendant Daly's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Jordan's federally protected rights. The force used by Defendant Daly shocked the conscience and violated the Fourth Amendment rights of Mr. Jordan.

16.

Defendant Daly unlawfully seized Mr. Jordan by means of objectively unreasonable, excessive and consciously shocking physical force. The force used was unlawful and did cause harm to Mr. Jordan.

17.

Defendant Daly engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Jordan's protected constitutional rights.

18.

Defendant Daly did so with shocking and willful indifference to Mr. Jordan's rights and with conscious awareness that it could cause Mr. Jordan severe bodily harm or death.

19.

The acts or omissions of Defendant Daly were the moving forces behind Mr. Jordan's injuries and damages. The acts or omissions of Defendant Daly as described herein intentionally deprived Mr. Jordan of his constitutional rights and caused him other damages. Defendant Daly is not entitled to qualified immunity for his actions.

20.

As a proximate result of Defendant Daly's unlawful conduct, Mr. Jordan was injured. As a further result of Defendant Daly's unlawful conduct, Mr. Jordan has

incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

21.

On information and belief, Mr. Jordan suffered lost future earnings and impaired earning capacities from the not yet fully ascertained extent of his injuries, with these amounts to be ascertained in trial. The Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

22.

In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages against Defendant Daly under 42 U.S.C. § 1983, in that the actions of Defendant Daly have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Jordan.

**SECOND CLAIM FOR RELIEF**
**(Assault and Battery)**
(Defendant City of Charlotte
**ATRIUM HEALTH DBA**
**CAROLINAS MEDICAL CENTER;**
**ANGELA ROMBOLA MD;**
**JESSICA LYNN MD;**
**CHRISTOPHER ALLEN GARDNER, MD**

23.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint.

24.

Defendant Daly, Atrium Health DBA Carolinas Medical Center, Angela Rombola MD, Jessica Lynn MD, Christopher Gardner MD and the City of Charlotte acted in concert to commit intentional acts as described more fully hereinabove, which put Mr. Jordan in actual, subjective apprehension of immediate harmful or offensive contact.

25.

Mr. Jordan's apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

26.

At the time of the complained incident, Defendant Daly was acting within the scope of his employment with the City of Charlotte, North Carolina. Atrium Health DBA Carolinas Medical Center, Angela Rombola MD, Jessica Lynn MD, Christopher Gardner MD were also acting within the scope of their employment. At the time all Defendants committed the acts described herein, they were acting within the course

and scope of their employment with the City of Charlotte, North Carolina and Atrium Health and Carolina Medical Center. As such, all parties are liable for the intentional acts against Defendant Jordan. Therefore, the intentional acts of Defendant Daly Atrium Health DBA Carolinas Medical Center, Angela Rombola MD, Jessica Lynn MD, Christopher Gardner MD and the City of Charlotte are imputed to City of Charlotte, North Carolina and Atrium Health DBA Carolina Medical Center through the doctrines of agency, vicarious liability and respondeat superior.

27.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages;
2. Judgment for exemplary or punitive damages against Defendants
3. Cost of suit;
4. Such other relief as this Honorable Court may deem just and appropriate.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendant(s) and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and sufferingon

all claims allowed by law in an amount to be determine by a jury:

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against Defendant(s) in an amount to be determined by the jury;

E. attorney's fees and costs associated with this action under 42 U.S.C 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post- judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this the 13th of March, 2023.

*(Signatures on following page)*

/s/ Ben Boaz Jordan
Pro Se
9609 Langston Mill Rd
Charlotte, NC 28216
(cell) 1-347-595-9732
Email: Toptechbx@gmail.com