UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-000152-RJC-SCR

| | |
|---|---|
| BENBOAZ JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants City of Charlotte, K Daly, and S.T. McMichael's Motion to Dismiss filed April 3, 2023, (Doc. No. 8), (collectively, the "City Defendants").[1] Following the original filing of the Motion, pro se Plaintiff submitted certain Summonses Returned Executed. (Doc. No. 14 & 15). Defendants Charlotte-Mecklenburg Hospital Authority ("Atrium Health"), Christopher Allen Gardner, Jessica Lynn Salzman,[2] and Angela Rombola (collectively, the "Atrium Defendants") represented that they accepted service of process following reissuance of summonses on May 8, 2023. (Doc. No. 18 at 1, n.2). However, based on the filings submitted thereafter and the Court's review, it appears that deficiencies in Plaintiff's service of process on City Defendants remain.

Specifically, Plaintiff provided no evidence of service on Defendant K Daly, and Plaintiff represented that service on Defendant S.T. McMichael failed. (Doc. No. 15). Furthermore,

---

[1] In filed briefings, City Defendants noted their limited appearances and challenges to proper service as to avoid any arguments of waiver. (Doc. No. 8).

[2] Although the original complaint named "Jessica Lynn MD" as a defendant, the summons reissued on May 8, 2023, following the extension of time to serve the defendants, named "Jessica Lynn Salzman MD." The Atrium Defendants' Motion to Dismiss submits that Plaintiff refers to "Jessica Lynn Salzman." (Doc. Nos. 12, 13, & 18).

1

uncertainty remains as to the effectiveness of Plaintiff's service of process on Defendant City of Charlotte through Jeannine Crump. (Doc. No. 15).

Plaintiff is required to serve each City Defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure. Recognizing Plaintiff's <u>pro se</u> status, the Court will grant him a final opportunity to effectuate proper service on each City Defendant.[3] Plaintiff is warned that if the service of process requirements are not followed, dismissal of this lawsuit, either in whole or in part, may result for failure to properly serve City Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall promptly cure all defects in service of process on City Defendants and comply with the requirements of Federal Rule of Civil Procedure 4. **<u>Plaintiff is warned that failure to comply with service of process requirements will result in dismissal of this lawsuit as to City Defendants either in whole or in part.</u>**

2. **<u>To the extent service is made, Plaintiff shall file a Proof of Service as to each City Defendant no later than Friday, August 11, 2023.</u>**

3. City Defendants are **GRANTED LEAVE** to file supplemental briefing by Monday, August 28, 2023, indicating whether service remains deficient.

3. The Clerk is directed to send copies of this Order to the <u>pro se</u> Plaintiff, Defendants parties' counsel, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.   Signed: July 10, 2023

Susan C. Rodriguez
United States Magistrate Judge

---

[3] <u>Pro se</u> Plaintiff may wish to consult to the Western District of North Carolina's <u>Pro Se</u> Litigant Guide located at the following web address: https://www.ncwd.uscourts.gov/sites/default/files/general/Pro_Se_Litigant_Guide.pdf