IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-000152-RJC-SCR

| | |
|---|---|
| BENBOAZ JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF CHARLOTTE, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the Motion to Dismiss of Charlotte-Mecklenburg Hospital Authority ("Atrium Health"), Christopher Allen Gardner, Jessica Lynn Salzman,[1] and Angela Rombola (collectively, the "Atrium Defendants"[2]) (Doc. No. 12), and the parties' briefs (Doc. Nos. 13, 17, 18, & 30[3]).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration. The Court has considered the Motion and the parties' briefs following a full briefing schedule. For the reasons set forth below, the

---

[1] Plaintiff's Complaint named "Jessica Lynn MD" as a Defendant (Doc. No. 1), and the Atrium Defendants' Motion to Dismiss submits that Plaintiff likely intended to bring this action against Dr. Jessica Lynn Salzman, who is a physician employed at Atrium Health Carolinas Medical Center. The summons reissued on May 8, 2023, following the extension of time to serve the defendants, and later a summons was returned executed for "Jessical [*sic*] Lynn Salzman MD." (Doc. No. 15 at 6).

[2] The "Atrium Defendants" are the Charlotte-Mecklenburg Hospital Authority, Dr. Angela Rombola, Dr. Jessica Salzman, and Dr. Christopher Allen Gardner. According to attorneys for the Atrium Defendants, The Charlotte-Mecklenburg Hospital Authority is the entity that owns and operates Atrium Health Carolinas Medical Center, the hospital referenced in Plaintiff's Complaint and is the entity that does business as Atrium Health. Plaintiff's Complaint did not name as a defendant the entity that owns and operates Carolinas Medical Center.

[3] At the time the Complaint was filed, Plaintiff was pro se. However, Plaintiff has now retained counsel, who filed a Notice of Appearance on November 8, 2023, and with permission of the Court, filed an Opposition to the Motion to Dismiss on December 14, 2023. (Doc. No. 30).

1

undersigned respectfully recommends that the Atrium Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Accepting the factual allegations of Plaintiff's Complaint as true for the purposes of this Motion to Dismiss, on March 13, 2020, Plaintiff was arrested for trespassing at a diner in Charlotte, North Carolina. (Doc. No. 1). Charlotte-Mecklenburg Police Officers K Daly and S.T. McMichael transported Plaintiff to the hospital where Defendants Angela Rombola, Jessica Lynn Salzman,[4] and Christopher Allen Gardner—all medical doctors—assisted them. Id. at 1-2. Specifically, Plaintiff alleges that "Officer Daly used the hospital staff Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD to force unnecessary medical treatment on the [Plaintiff]." Id. At the hospital, Plaintiff refused treatment based on his religious beliefs. Id. at 2. Nonetheless, "hospital staff and . . . [O]fficer Daly" restrained Plaintiff and injected him with three unknown drugs, whereupon Plaintiff lost consciousness for six hours. Id. Plaintiff also alleges that he "was assaulted multiple times with police sticks . . . by the Defendants in this matter." Id.

Plaintiff filed the instant Complaint on March 13, 2023, id. at 1, and the Atrium Defendants accepted service following reissuance of summonses on May 8, 2023. (Doc. No. 18).[5] The "Second Claim For Relief" claims damages for assault and battery under North Carolina law against the Atrium Defendants.[6] (Doc. No. 1 at 8-11). Plaintiff seeks damages for his state law tort claims against Atrium Health specifically based on "the doctrines of agency, vicarious liability and respondeat superior." Id. at 10. The Atrium Defendants now move this Court to dismiss

---

[4] Plaintiff's Complaint identifies this Defendant as "Jessica Lynn MD." (Doc. No. 1 at 2).

[5] The Atrium Defendants accepted service of process of the summonses issued on May 8, 2023. Originally, the Atrium Defendants' Motion to Dismiss included arguments based on Rules 12(b)(2), 12(b)(4), and 12(b)(5), but after accepting service, the Atrium Defendants only seek to dismissal under 12(b)(6). (Doc. Nos. 13 & 18).

[6] As discussed in more detail in Section III.

Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. Nos. 12, 13 & 18).

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

3

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cty. Dept. of Soc. Servs., 521 Fed. App'x 278, 293 (4th Cir. 2013). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

Pro se complaints[7] "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551, U.S. 89, 94 (2007). Nonetheless, the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). "The rules of generous construction of pro se pleadings 'do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Ashby v. City of Charlotte,

---

[7] As noted, Plaintiff's Complaint was originally filed pro se. Plaintiff now benefits from retained counsel, but has not opted to seek leave to file an Amended Complaint.

121 F. Supp. 3d 560, 562 (W.D.N.C. 2015) (quoting Godfrey v. Long, No. 5:10-CT-3105-BO, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012)).

### III. ANALYSIS

Plaintiff's Complaint fails to allege sufficient facts to plead a plausible claim against any of the Atrium Defendants. As an initial matter, for the first time in Plaintiff's Response to the Atrium Defendants' Motion to Dismiss (Doc No. 17), Plaintiff claims that the Atrium Defendants "violated the Plaintiff's Fourth Amendment right to be free from unwanted medical care," and that "the medical staff at Atrium Health further perpetuated [] excessive force" against him. (Doc. No. 17 at 2). Then, once Plaintiff retained counsel, Plaintiff continued to assert in his Opposition Brief that Plaintiff seeks damages against the Atrium Defendants for violating Plaintiff's "Fourth and Fourteenth Amendment Rights." (Doc. No. 30 at 5-6). Meanwhile, the Atrium Defendants point out that no such factual allegations against the Atrium Defendants are contained in Plaintiff's Complaint. (Doc. No. 18 at n.3). The undersigned has closely reviewed Plaintiff's Complaint and agrees with the Atrium Defendants that Plaintiff's Complaint does not include such allegations against the Atrium Defendants. (Doc. No. 1).

Although Plaintiff may have intended otherwise, from a plain reading of Plaintiff's Complaint, Plaintiff brings claims against the Atrium Defendants only for assault and battery. Specifically, under the "First Claim for Relief" labeled "42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment," Plaintiff includes factual allegations only pertaining specifically to Defendant Officer Daly. (Doc. No. 1 at 5-8). There is no express mention of any of the Atrium Defendants. Id. There also is no mention of a violation of the Fourteenth Amendment. Id. In comparison, Plaintiff's "Second Claim for Relief" labeled "Assault and

5

Battery" specifically lists "Atrium Health DBA Carolinas Medical Center; Angela Rombola MD; Jessica Lynn MD; Christopher Allen Gardner, MD." (Doc. No. 1 at 8-10).

Reading the Complaint in a light most favorable to Plaintiff, the undersigned recognizes that there is a statement near the beginning of the Complaint, prior to the First and Second Claims for Relief, that states:

> Plaintiff brings federal constitutional claims against Officer Daly, Officer McMichael, Angela Rombola MD; Jessica Lynn MD; and Christopher Allen Gardner, MD all in their individual capacity, for committing these acts under color of law that deprived Mr. Jordan of his rights under the Constitutions and the laws of the State of North Carolina by using force and restraint against Mr. Jordan. Mr. Jordan has a constitutional right to refuse medical care.

(Doc No. 1 at 3). This includes the three medical doctor Defendants. Paragraph 14 under the First Claim for Relief also states:

> All individual Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Jordan.

(Doc. No. 1 at ¶ 14). But these generalized paragraphs alone, without more, is insufficient to bring such claims against the Atrium Defendants.

Notably, Plaintiff's Response and Opposition Brief contain additional factual details related to these claims. (Doc. Nos. 17 & 30). However, Plaintiff cannot supplement his claims or add new factual allegations through a response or opposition brief. See Mylan Labs., Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1068 (D. Md. 1991), aff'd, 2 F.3d 56 (4th Cir. 1993); see also Zachair Ltd. v. Driggs, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997), aff'd, 141 F.3d 1162 (4th Cir. 1998). Plaintiff has failed to properly bring those allegations before the Court because the allegations are outside of a complaint or an amended complaint. McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to

6

state a claim pursuant to Rule 12(b)(6)"). Therefore, Plaintiff has failed to state claims for violations under Section 1983, including under the Fourth and Fourteenth Amendments or otherwise, against the Atrium Defendants.

The undersigned now turns to assault and battery claims brought against the Atrium Defendants. The elements of assault under North Carolina law are: (1) intent, (2) offer of injury, (3) reasonable apprehension, (4) apparent ability, and (5) imminent threat of injury. Wilkerson v. Duke Univ., 748 S.E.2d 154, 159 (N.C. Ct. App. 2013) (quoting Hawkins v. Hawkins, 400 S.E.2d 472, 475 (N.C. Ct. App. 1991) aff'd, 417 S.E.2d 447 (N.C. 1992)). The elements of battery under North Carolina law are "(1) the defendant intentionally cause[d] bodily contact with the plaintiff; (2) the bodily contact caused physical pain or injury; and (3) the bodily contact occurred without the plaintiff's consent." Simmons v. Wiles, 845 S.E.2d 112, 115 (N.C. Ct. App. 2020) (citing Andrews v. Peters, 330 S.E.2d 638, 640 (N.C. Ct. App. 1985)).

Plaintiff's Complaint fails to allege that any particular Atrium Defendant acted in such a way as to assault or batter him. Instead, Plaintiff's Complaint only generally refers to the Atrium Defendants, and lacks allegations related to how each Atrium Defendant committed assault or battery. (Doc. No. 1). For example, Plaintiff's Complaint does not allege who administered the drugs over Plaintiff's objection. Id. Nor does it allege—beyond conclusory allegations—that any Atrium Defendant put Plaintiff in reasonable apprehension of an imminent injury. Id. Plaintiff's Complaint fails to show how any Atrium Defendant—let alone each Atrium Defendant—interacted with Plaintiff sufficient to support Plaintiff's state law tort claims.

A complaint containing "only collective allegations against all 'Defendants,' without identifying how each individual Defendant personally interacted with [the plaintiff] or was responsible for" the alleged harm, fails to state a claim entitling a plaintiff to relief. Langford v.

Joyner, 62 F.4th 122, 125 (4th Cir. 2023).  Plaintiffs must plead "sufficient facts to allow the court to infer liability as to each defendant."  Id. (emphasis in original) (citing Iqbal, 556 U.S. at 676).

Accordingly, the undersigned respectfully recommends that the Court grant the Atrium Defendants' Motion to Dismiss the Complaint as to all Atrium Defendants under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Atrium Defendants' Motion to Dismiss (Doc. No. 12) be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6) and that this matter be **DISMISSED WITHOUT PREJUDICE** as to the Atrium Defendants.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: December 28, 2023

Susan C. Rodriguez
United States Magistrate Judge