IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-152-RJC-SCR

| | |
|---|---|
| BENBOAZ JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CITY OF CHARLOTTE NORTH ) | |
| CAROLINA, et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Plaintiff's [Unopposed] Motion to Amend Complaint" (Doc. No. 35)[1] and "Amended Complaint" (Doc. No. 36), and Defendants" "Motion[s] to Dismiss …" (Doc. Nos. 8, 12, & 24), as well as the undersigned's "Memorandum and Recommendation" (recommending that Atrium Defendants' Motion to Dismiss (Doc. No. 12) be granted and that claims be dismissed without prejudice, noting that pro se Plaintiff had failed to amend his Complaint) (Doc. No. 33 at 4, 6 & 8.).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further

---

[1] In their respective Responses, the Atrium Defendants and CMPD Defendants state they do not oppose Plaintiff's Motion to Amend but reserve the right to challenge the Amended Complaint. (Doc. Nos. 37 & 38).

provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006) (en banc)).

Plaintiff recently retained counsel who filed a Response (Doc. No. 30) opposing "Motion to Dismiss," (Doc. No. 24) in which Plaintiff requested leave to amend. On January 12, 2024, the Court granted Plaintiff leave to file a Motion to Amend accompanied by a proposed Amended Complaint, which he did on January 29, 2024. (Doc. Nos. 35 & 36). See Text-Only Order dated 1/12/2024.

Plaintiff has never amended previously nor sought leave to amend. He only recently retained counsel. For those reasons as well as the other reasons stated therein, his "Motion to Amend the Complaint" (Doc. No. 35) is granted. The Court makes no determination as to the merits of any of Plaintiff's claims and all objections and defenses raised by Defendants in their initial Motions are preserved.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that:

1. "Plaintiff's Motion to Amend Complaint" (Doc. No. 35) is **GRANTED**. Plaintiff's "Amended Complaint" (Doc. No. 36) shall now serve as the operative pleading in this matter.

2. Defendants' Answers or other responses to the Amended Complaint will be due 30 days from the date of this Order.

3. Defendants' "Motion[s] to Dismiss …" (Doc. Nos. 8, 12, & 24) are administratively **DENIED** as moot without prejudice.

4. The Clerk is directed to terminate the "Memorandum and Recommendation" (Doc. No. 33) as moot.

5. The Clerk is further directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: February 8, 2024

Susan C. Rodriguez
United States Magistrate Judge